Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines, Esq.
Nevada Bar No. 9411
**FREEDOM LAW FIRM**
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
(702) 880-5554
(702) 385-5518 (fax)
georgehaines@freedomlegalteam.com
*Attorney for Kristine C. Thompson*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Kristine C. Thompson,<br><br>　　　　Plaintiff/s,<br>v.<br><br>Specialized Loan Servicing LLC, Trans Union LLC, and Equifax Information Services LLC,<br><br>　　　　Defendant/s. | Case No.:<br><br>**Complaint for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.**<br><br>**Jury trial demanded** |

## Introduction

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods

COMPLAINT — 1 —

1. undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Kristine C. Thompson ("Plaintiff"), by counsel, brings this action to challenge the actions of Specialized Loan Servicing LLC ("SLS"), Trans Union LLC ("Trans Union"), and Equifax Information Services LLC ("Equifax") (jointly as "Defendants"), with regard to erroneous reports of derogatory credit information to national reporting agencies and Defendants' failure to properly investigate Plaintiff's disputes.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

7. Any violations by Defendants was knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

8. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

## Jurisdiction and Venue

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 15 U.S.C. § 1681.

10. This action arises out of Defendant's violations of the FDCPA.

11. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada as they conduct business here. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

## Parties

12. Plaintiff is a natural person living in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Defendant are each a corporation doing business in the State of Nevada.

COMPLAINT — 3 —

14. The furnishers named herein, including SLS, are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

15. Equifax and Trans Union regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. Equifax and Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

16. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

17. As detailed herein, each of the credit reporting agencies named herein, re-reported the inaccurate information, thus violating their duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

— **THE EQUIFAX VIOLATIONS** —

**Equifax and SLS Misreported Credit Information**

**Re: SLS Account No. 7073***

18. In Plaintiff's credit report from Equifax dated April 21, 2020, Equifax and SLS inaccurately reported that Plaintiff was reporting the account as "charge off" with the amount $72,544 as "charged off." However, Plaintiff entered into a loan modification agreement in August 2011 and has been current on the loan since that time.

19. More specifically, Plaintiff has been making the payments each month since 2011 and the account is open, active, and paid on time.

COMPLAINT — 4 —

20. Defendants are reporting inaccurately that the account is charged off, falsely implying that Plaintiff is not currently making payments on the account, as agreed.

21. Moreover, Defendants inaccurately reported the "last payment" date in January 2018, which is also incorrect and misleading for the same reasons: Plaintiff has been paying timely on the account since 2011.

22. Defendants also inaccurately reported that the account was closed in December 2016, which is inaccurate and misleading for similar reasons: Plaintiff is current on the loan to date and has been since at least 2011.

23. Defendants reporting is harming Plaintiff because, among other things, it denies Plaintiff the benefit of all of Plaintiff's timely payments, which would have increased Plaintiff's creditworthiness and credit score.

24. In this way, Defendants' reporting was inaccurate and materially misleading. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

25. On or about May 11, 2020, Plaintiff disputed Equifax's inaccurate reporting on Plaintiff's Equifax April 21, 2020 credit report, including inaccurate past due notations, pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by SLS.

26. Specifically, Plaintiff sent a letter on May 11, 2020, certified, return receipt, to Equifax, requesting the above inaccurate and incorrect derogatory information be removed.

27. On information and belief, upon receiving that letter, Equifax timely notified SLS of Plaintiff's dispute, but Equifax continued reporting inaccurate information.

COMPLAINT — 5 —

28. In the alternative, and on information and belief, Equifax failed to notify SLS regarding Plaintiff's dispute, thus violating 15 U.S.C. § 1681i(a)(2).

29. Also in the alternative, and on information and belief, Equifax failed to provide SLS with a notice regarding Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(5)(A). Upon information and belief, Equifax failed to provide all relevant information to SLS regarding Plaintiff's dispute, thus violating 15 U.S.C. § 1681i(a)(2).

30. On June 4, 2020, Plaintiff received notification from Equifax that Equifax and SLS investigated or reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

31. A reasonable investigation by Equifax and SLS would have indicated that they were reporting the above disputed accounts inaccurately.

32. Equifax and SLS failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

33. Equifax and SLS re-reported /failed to report, and suppressed, the inaccurate derogatory information on Plaintiff's report.  Equifax's and SLS's reporting was inaccurate and misleading, as discussed above.

34. Equifax and SLS, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

35. Equifax and SLS failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

36. Due to Equifax's and SLS's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of

inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

37. Equifax's and SLS's continued inaccurate and negative reporting of the debt in light of their knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

38. Also as a result of Equifax's and SLS's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

39. By inaccurately reporting account information after notice and confirmation of its errors, Equifax and SLS failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

— THE TRANS UNION VIOLATIONS —

**Trans Union and SLS Misreported Credit Information**

**Re: SLS Account No. 7073\*\*\***

40. In Plaintiff's credit report from Trans Union dated April 22, 2020, Trans Union and SLS inaccurately reported that Plaintiff was reporting the account as "charge off" with the amount $72,544 as "charged off." However, Plaintiff entered into a loan modification agreement in August 2011 and has been current on the loan since that time.

41. More specifically, Plaintiff has been making the payments each month since 2011 and the account is open, active, and paid on time.

42. Defendants are reporting inaccurately that the account is charged off, falsely implying that Plaintiff is not currently making payments on the account, as agreed.

COMPLAINT — 7 —

43. Moreover, Defendants inaccurately reported the "last payment" date in January 2018, which is also incorrect and misleading for the same reasons: Plaintiff has been paying timely on the account since 2011.

44. Defendants also inaccurately reported that the account was closed in December 2016, which is inaccurate and misleading for similar reasons: Plaintiff is current on the loan to date and has been since at least 2011.

45. Defendants reporting is harming Plaintiff because, among other things, it denies Plaintiff the benefit of all of Plaintiff's timely payments, which would have increased Plaintiff's creditworthiness and credit score.

46. In this way, Defendants' reporting was inaccurate and materially misleading. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

47. On or about May 11, 2020, Plaintiff disputed Trans Union's inaccurate reporting on Plaintiff's Trans Union April 22, 2020 credit report, including inaccurate past due notations, pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Trans Union, in writing, of the incorrect and inaccurate credit information furnished by SLS.

48. Specifically, Plaintiff sent a letter on May 11, 2020, certified, return receipt, to Trans Union, requesting the above inaccurate and incorrect derogatory information be removed.

49. On information and belief, upon receiving that letter, Trans Union timely notified SLS of Plaintiff's dispute, but Trans Union continued reporting inaccurate information.

50. In the alternative, and on information and belief, Trans Union failed to notify SLS regarding Plaintiff's dispute, thus violating 15 U.S.C. § 1681i(a)(2).

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

51. Also in the alternative, and on information and belief, Trans Union failed to provide SLS with a notice regarding Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(5)(A). Upon information and belief, Trans Union failed to provide all relevant information to SLS regarding Plaintiff's dispute, thus violating 15 U.S.C. § 1681i(a)(2).

52. Plaintiff never received any notification from Trans Union that Trans Union and SLS investigated or reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

53. A reasonable investigation by Trans Union and SLS would have indicated that they were reporting the above disputed accounts inaccurately.

54. Trans Union and SLS failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

55. Upon information and belief, Trans Union and SLS re-reported /failed to report, and suppressed, the inaccurate derogatory information on Plaintiff's report. Trans Union's and SLS's reporting was inaccurate and misleading, as discussed above.

56. Trans Union and SLS, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

57. Trans Union and SLS failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

58. Due to Trans Union's and SLS's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of

inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

59. Trans Union's and SLS's continued inaccurate and negative reporting of the debt in light of their knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

60. Also as a result of Trans Union's and SLS's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

61. By inaccurately reporting account information after notice and confirmation of its errors, Trans Union and SLS failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

### Plaintiff's damages

62. In addition to Plaintiff's creditworthiness being negatively impacted, Plaintiff suffered emotional distress and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendants' actions. Plaintiff further suffered humiliation and embarrassment.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each

and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, et seq.

65. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

66. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**Prayer for relief**

67. Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1); and
- Any other relief that this Court deems just and proper.

COMPLAINT — 11 —

## Jury Demand

68. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 10, 2020.

Respectfully submitted,

**KIND LAW**

 /s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
*Attorney for Kristine C. Thompson*